UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALLSTATE INSURANCE COMPANY,

   Plaintiff,            Case No. 3:15-cv-240

vs.

MELISSA PAPANEK, *et al.*,        Magistrate Judge Michael J. Newman
                       (Consent Case)

   Defendants.

---

**ORDER DENYING ALLSTATE INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL (DOC. 113) WITHOUT PREJUDICE**

---

   This civil case is before the Court on Allstate Insurance Company's unopposed motion for leave to file exhibits under seal. Doc. 113. Having failed to meet the heavy burden required for the sealing of Court records from public view, Allstate's motion is **DENIED**, but **WITHOUT PREJUDICE** to refiling a more detailed motion supported by legal citations.

   The Sixth Circuit "recently clarified the 'stark difference' between court orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings[.]" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). While "[s]ecrecy is acceptable at the discovery stage[,]" *Wausau Underwriters Ins. Co. v. Reliable Transp. Specialists, Inc.*, No. 15-12954, 2016 WL 6134480, at *2 (E.D. Mich. Oct. 21, 2016), "very different considerations apply" when parties seek to file "material in the court record." *Rudd Equip.*, 834 F.3d at 593 (citing *Shane Grp. v. Blue Cross Blue Shield of Mich..*, 825 F.3d 299, 305 (6th Cir. 2016)).

   When parties seek to file material as part of the court's record, "[t]he public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case[.]'" *Id*. As a result,

"the public is entitled to assess for itself the merits of judicial decisions." *Id*. (quoting *Shane Grp.*, 825 F.3d at 305). Thus, a party maintaining that records should be sealed from public view bears the heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (2016); *see also Rudd Equip*, 834 F.3d at 593-94. In this regard, "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Such burden applies even where no "party objects to the motion to seal." *See id*. (stating that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody").

In support of its motion for leave to seal exhibits, Allstate contends that the information it seeks to file under seal was "marked Confidential pursuant to the terms of the Protective Order entered in this case[,]" and that accessibility of such information by the public "would be detrimental to Allstate." Doc. 113 at PageID 2462. However, as noted above, the parties' determination of confidentiality is not relevant to the Court's determination as to whether a seal is appropriate. In addition, Allstate's contention regarding injury to its business is conclusory and, even if supported by specific fact, is not supported by citation to law upon which the Court can rely to conclude that such records can be sealed under the law.[1] In this latter regard, the undersigned notes that "'[i]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute

---

[1] The Court also notes that the proposed order provided by Allstate for the Court's consideration is inadequate and would be subject to being vacated on appeal. *See Shane Grp.*, 825 F.3d at 306. "[A] district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id*. (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

2

to be maintained in confidence (such as the name of a minor victim of a sexual assault)," is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308.

Accordingly, based upon all of the foregoing, Allstate's motion is **DENIED**, but **WITHOUT PREJUDICE** to refiling.

**IT IS SO ORDERED.**

Date:   November 16, 2017                              s/ Michael J. Newman
                                                                     Michael J. Newman
                                                                     United States Magistrate Judge