UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALLSTATE INSURANCE COMPANY,

      Plaintiff,

vs.

MELISSA PAPANEK, *et al.*,

      Defendants.

Case No. 3:15-cv-240

Magistrate Judge Michael J. Newman
(Consent Case)

**DECISION AND ENTRY: (1) DENYING DEFENDANT MICHAEL PAPANEK'S MOTION TO COMPEL (DOC. 97); (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS MELISSA PAPANEK AND PHOENIX INSURANCE & FINANCIAL GROUP'S MOTION TO COMPEL (DOC. 105); AND (3) DENYING DEFENDANTS' REQUESTS FOR AN AWARD OF EXPENSES**

This civil consent case is before the Court on a motion to compel filed by Defendant Michael Papanek, as well as a separate motion to compel filed by Defendants Melissa Papanek and Phoenix Insurance & Financial Group LLC ("Phoenix"). Docs. 97, 115. Plaintiff Allstate Insurance Company ("Allstate") filed memoranda in opposition to both motions to compel. Docs. 111-12. Thereafter, Defendants filed reply memoranda. Docs. 115, 118. The Court has carefully considered all of the foregoing, and the two motions are ripe for decision.

**I.**

This case arises from a former business relationship between Plaintiff Allstate and a former Allstate Exclusive Insurance Agency operated by Defendant Melissa Papanek. *See generally* doc. 22. From October 2008 until October 2014, Melissa Papanek operated the Papanek Agency as an Allstate Exclusive Agency under an exclusive agency agreement with Allstate. *Id*. at PageID 253-54. Defendant Michael Papanek -- Melissa Papanek's father -- worked for the Papanek Agency. *Id*. To work at the Papanek Agency, Michael Papanek was required to -- and did -- sign a confidentiality and non-compete agreement with Allstate. *Id*.

Allstate alleges that, on September 1, 2014, it made the business decision to terminate the exclusive agency agreement with Melissa Papanek and her agency effective, ultimately, on October 31, 2014.[1] *Id*. at PageID 261. Melissa Papanek alleges that the letter from Allstate gave her the option of either accepting a termination payment (what the parties refer to as "TTP") or selling her book of business to an Allstate approved buyer. Doc. 33 at PageID 410.

Allstate alleges, *inter alia*, that upon termination of Melissa Papanek's agency relationship with Allstate on October 31, 2014, the Papaneks began a new business named Phoenix and have used confidential Allstate information to improperly solicit Allstate customers to purchase competing insurance products from Phoenix -- actions that Allstate alleges violate Defendants' agreements with Allstate. Doc. 22 at PageID 261.

Melissa Papanek and Phoenix assert counterclaims against Allstate alleging, *inter alia*, that Allstate impeded her efforts to sell her book of business and, in fact, undertook efforts to direct the sale of her book of business to Allstate's preferred buyer -- an individual named Tony Peh. Doc. 33 at PageID 410. When such efforts were unsuccessful, Melissa Papanek alleges that Allstate forced her to take TPP and then subsequently breached a contract between the parties by ceasing those payments based upon the false allegation that she violated her non-solicitation agreement with Allstate. Doc. 34 at PageID 450.

## II.

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the

---

[1] The notice originally provided by Allstate provided that the agreement would terminate on December 1, 2014. Doc. 22 at PageID 261. Allstate later decided to move the termination date up to October 31. *Id*.

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information may be discoverable even if not ultimately admissible into evidence at trial. *Id*.

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3)(B). The "proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 4052873, at *3 (S.D. Ohio Aug. 12, 2013) (internal citation omitted). "When the information sought appears to be relevant, the party resisting production has the burden of establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm." *Wagner v. Circle W Mastiffs*, No. 2:08-cv-431, 2013 WL 4479070, at *3 (S.D. Ohio Aug. 19, 2013) (citation omitted).

### III.

In his motion to compel, Michael Papanek requests that the Court order Allstate to produce an investigatory cease-and-desist form authored by an individual in Allstate's Human Resources Department and sent to Allstate's Legal Department. Doc. 97. In their motion to compel, Melissa Papanek and Phoenix request an order compelling the production of: (1) the cease-and-desist form for the reasons advanced by Michael Papanek; (2) electronically stored information ("ESI") from cell phones used by specific Allstate agents and employees; (3) a Rule 30(b)(6) deposition of an Allstate representative who can testify regarding websites maintained by Allstate and TPP payments to Melissa Papanek; (4) historical information related to the retention of Allstate customers throughout this region; (5) information related to the sale of other Allstate agencies in Ohio between 2011-14; (6) documents related to Allstate's withholding of

3

TPP payments to other Allstate exclusive agents from 2011 forward; (7) information about Allstate approved purchase candidates; (8) information related to the approval of John Karas to purchase an Allstate exclusive agency and information regarding exclusive agencies owned by Allstate exclusive agent Tony Peh; (9) information concerning compensation plans for Allstate Field Sales Leaders ("FSLs"), Territorials Sales Leaders ("TSLs") and others 2014 and 2015; and (10) documents related to investigations of other agents for certain alleged misconduct.[2] Doc. 105. These issues are addressed in turn.

1. **Cease-and-Desist Form**

Defendants first seek to compel the production of a cease-and-desist form prepared by Karmen Clark -- an HR deployment leader at Allstate. The evidence produced by Allstate in support of its assertion of privilege consists of the deposition testimony of two Allstate Human Resources employees, Ms. Clark and Nick Strong. Clark prepared the subject cease-and-desist form with regard to Melissa Papanek and the Papanek Agency, whereas Strong was the individual who trained Clark on when and how to complete such forms in the ordinary course of business.

The form is one created by Allstate's Legal Department for completion by Human Resources in any circumstance where there have been numerous complaints that a former agent may be improperly soliciting former Allstate customers, or a number of policyholders from a former agent have cancelled their Allstate policies. The form purportedly consists of drop-down boxes and a place to add information about the particular customer(s) at issue. Upon completion of the form by Human Resources, it is submitted along with supporting documentation -- generally the complaints received by customers and other agents -- to the Allstate Legal

---

[2] Melissa Papanek and Phoenix have withdrawn their request for information related to investigations of other exclusive agents (*see* doc. 115 at PageID 2487) and, therefore, their motion in this regard is **DENIED AS MOOT**.

Department for review, further investigation, and a determination as to whether a cease-and-desist letter is appropriate. Allstate argues that the cease-and-desist investigation form is protected by application of the attorney-client privilege and/or the work product doctrine. Doc. 111, 115.

"In [a] diversity action, the state law of privilege governs defendant's claim of attorney-client privilege." *Travelers Cas. & Sur. Co. v. Excess Ins. Co.*, 197 F.R.D. 601, 605 (S.D. Ohio 2000) (citing Fed. R. Evid. 501; *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 177 (S.D. Ohio 1993)). The parties in this case make no argument as to the appropriate state law applicable to Allstate's claim of attorney-client privilege and, therefore, the Court is hesitant to address this claim of privilege in the absence of proper citation to appropriate authority -- and in the absence of an *in camera* review of the document(s) in question.

Claims of privilege under the work product doctrine, however, are governed by federal law. *See In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009). Generally, "[t]he work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." *Id*. (citing *Hickman v. Taylor*, 329 U.S. 495, 510-14 (1947)). Fed. R. Civ. P. 26(b)(3) sets forth the doctrine, stating that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3).

"A document is prepared in anticipation of litigation when the document, in light of the facts of the case, was obtained because of the prospect of litigation." *Stampley v. State Farm Fire & Cas. Co.*, 23 F. App'x 467, 470 (6th Cir. 2001); *see also United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006). Generally, "documents prepared in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation

purposes, are not covered by the work product privilege." *Roxworthy*, 457 F.3d at 593. Therefore, if a document "would have been prepared in substantially the same manner irrespective of the anticipated litigation[,]" it is generally not entitled to work product protection. *Id.* at 593-94. However, "a document can be created for both use in the ordinary course of business and in anticipation of litigation without losing its work-product privilege." *Id.* at 599. Thus, work product protection applies where the party claiming protection can "show that anticipated litigation was the 'driving force behind the preparation of each requested document.'" *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009).

In determining whether a document was prepared in anticipation of litigation, courts must consider: "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable." *Roxworthy*, 457 F.3d at 594. "A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared "in anticipation of litigation." *Id.* at 593.

Here, the undersigned concludes that Allstate meets its burden of showing that the cease-and-desist form was completed by Human Resources in anticipation of litigation. The undersigned further concludes that Defendants have not shown a substantial need for the information in light of Allstate's representation that the documents attached to the form, as well as the information set forth in the form itself, have already been produced in discovery.

Accordingly, the Court **DENIES** Defendants' two motions to compel the cease-and-desist form on the basis work product privilege. The undersigned makes no such finding concerning attorney-client privilege at this time.

### 2. Electronically Stored Information ("ESI") on Computers and Cell Phones

Melissa Papanek and Phoenix propounded a document request to Allstate seeking:

> All telephones, computers, or other devices containing electronic communications, written communications, or telephonic messages of any sort from January 1, 2014 through December 31, 2014, that contain communications with or relating to Allstate Exclusive Agent Tony Peh or to Chris Passetti, for the following Allstate agents or employees: [a.] Tom Schmitt[;] [b.] Ted Stefanov[;] [c.] Cathy Fouty[;] [d.] Jami Newton[;] [and] [e.] Scott Johnson[.]

Doc. 105-5 at PageID 2200. Allstate objected to the requested production as being "overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." *Id*. Allstate, however, agreed to produce responsive information within its custody and control, if such information or devices exist – and now claim that none exist. *Id*. According to Allstate, its employees Schmitt, Fouty, Newton, and Stefanov all searched their own individual phones and no responsive information was found. *See* doc. 112 at PageID 2348.

Melissa Papanek and Phoenix now seek an order compelling Allstate to either produce the responsive information or the actual devices for forensic imaging and searching. Doc. 105 at PageID 2014-08. Pursuant to the Federal Rules of Civil Procedure, "[a] party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). "On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." *Id*. Once the responding party makes such showing, the court may still order production "if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)." *Id*.

Here, Allstate alleges that the information requested is not reasonably accessible because of undue burden or cost, but presents no actual evidence regarding the alleged cost or the burden imposed -- other than to suggest that the devices used by exclusive agents are not in its possession, custody or control. *See* Fed. R. Civ. P. 34(a)(1). To the extent Defendants seek information contained on devices independently owned by Allstate agents -- as opposed to

Allstate employees -- and to the extent Allstate represents it is not in the possession, custody, or control of information of such devices, the undersigned **DENIES** Defendants' motion to compel such information.

However, it appears that Schmitt, Fouty, Newton, and Stefanov are all Allstate employees, not Allstate agents. Doc. 112 at PageID 2348. Defendants point to testimony from Fouty, for example, in which she suggests that she has a phone she uses for work that was issued to her by Allstate -- a suggestion Allstate does not refute. Absent any specific showing from Allstate regarding the burden or expense associated with searching for and producing information responsive to Defendants' request for such ESI, the Court **GRANTS** Defendants' motion to compel as it relates to responsive information on the phones of these employees.

The undersigned notes Allstate's suggestion that the individual employees reviewed their own phones for responsive information and that such individual searches produced no responsive information. The Court questions whether such review by the individual employees themselves, rather than a review by counsel, is sufficient. Accordingly, the Court **ORDERS** Allstate and Allstate's counsel to conduct a reasonable search of the devices of these employees for information responsive to Defendants' Rule 34 request and to provide Defendants with a supplemental response which includes a detailing of all efforts undertaken to search for responsive information. In addition, Allstate shall detail in such response all efforts undertaken by Allstate to preserve ESI -- including information contained on electronic devices used by employees -- since the time this litigation was reasonably anticipated.

3. **Rule 30(b)(6) Depositions**

Melissa Papanek and Phoenix also seek to compel Rule 30(b)(6) depositions of Allstate representatives who can testify regarding: (1) a website that purportedly listed Allstate exclusive

agencies for sale; and (2) Melissa Papanek's TPP payments and Allstate's decision to stop making those payments.

With regard to the Rule 30(b)(6) notice seeking testimony about Allstate websites, Allstate initially agreed to produce a witness with regard to some but not all of the topics listed. Although Allstate now points to testimony that no such website was utilized within Allstate's North Central Region, the undersigned finds that such testimony does not fulfill its obligations under Rule 30(b)(6). Notably, the topics set forth in the Rule 30(b)(6) notice are not limited to the North Central Region. Accordingly, the undersigned **GRANTS** Defendant's motion to compel in this regard.

With regard to the Rule 30(b)(6) notice seeking testimony about Melissa Papanek's receiving of, and subsequent termination of TPP, the undersigned **DENIES** the motion to compel insofar as Defendants seek the identity of certain individuals who may have made decisions on behalf of Allstate. Allstate can just as easily answer such inquiries in response to interrogatory requests. *See* Fed. R. Civ. P. 26(b)(2)(C) (stating that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive"). Defendants are hereby **GRANTED** leave to propound such interrogatories forthwith, and Allstate is **ORDERED** to respond within **10 days** from the service of said interrogatories.

Insofar as Defendants seek testimony regarding alleged ongoing violations of Melissa Papanek's non-solicitation or non-competition agreement(s), the undersigned **GRANTS** Defendants' motion, and the parties shall confer to set this Rule 30(b)(6) deposition forthwith.

### 4. Historical Retention Information

Melissa Papanek and Phoenix request that Allstate produce certain documents concerning the retention rate of Allstate policyholders who were customers of the Papanek Agency and other agencies in the region. *See generally* doc. 105-5. In its motion to compel, Melissa Papanek and Phoenix specifically move to compel the production of information identified in Allstate's supplemental Rule 26(a)(1) disclosures relied upon in calculating its alleged damages. *See* doc. 105 at PageID 2115-16; doc. 115 at PageID 2471. In response, Allstate represents that all historical retention information maintained in the ordinary course of business from 2011 through May 9, 2016 has been produced. Doc. 112 at PageID 2339-40. Allstate makes no mention of Defendants' arguments concerning the documents referenced, identified or specified in Allstate's supplemental Rule 26(a)(1) disclosures. Allstate has, therefore, forfeited any objection to the production of such information.

Accordingly, to the extent not already produced in discovery, Allstate is **ORDERED** to produce all documents referenced in its initial disclosure regarding damages (doc. 105-10 at PageID 2253), including those documents specifically referenced therein (doc. 105-10 at PageID 2257-58). Allstate is **ORDERED** to make such production within **14 days** from the entry of this Order. To the extent information identified in the Rule 26(a)(1) disclosures has already been produced, counsel shall so state and certify to Defendants in a formal signed discovery response the Bates numbers of the documents produced to date. To the extent production of any document referenced or specified in Allstate's supplemental Rule 26(a)(1) disclosures has not been made, Defendants' motion to compel (doc. 105) is **GRANTED**.

With regard to historical retention data for terminated agencies in Ohio, the Court **DENIES** the motion to compel in this regard based on Allstate's representation that it does not track, in the regular course of its business, the historical retention data for terminated agencies in

Ohio. PageID 2340. However, the denial of the motion to compel is **CONDITIONED** on Allstate and its counsel certifying, in writing and within **14 days** from the entry of this Order, that such information or data cannot be extracted from ESI in its possession, custody or control. If such information can be produced, Allstate shall make such production within **14 days**.

5. **Approval or Rejection of Allstate Agency Sales**

Melissa Papanek and Phoenix also seek information regarding all approvals or denials of the sale of any Allstate Exclusive Agency in Ohio between 2011 and 2014. *See* doc. 105-11 at PageID 2267-68. Defendants contend that Allstate unreasonably withheld its approval of potential buyers of the Papanek Agency, and that information regarding previous approvals and rejections is relevant to Allstate's alleged bad faith in withholding approval of potential buyers of the Papanek Agency -- including information regarding the timeframe within which a proposed sale can be approved and the information relevant to Allstate's approval of a sale. Doc. 105 at PageID 2116-19.

In response to Defendants' discovery requests, Allstate provided no responsive information and, instead, offered a boilerplate objection regarding the relevance of such information and the breadth of the request. Doc. 105-11 at PageID 2267-68. In its opposition to Melissa Papanek and Phoenix's motion to compel, Allstate limits its objection to the relevance of the request. Doc. 112 at PageID 2349-50.

Upon review of the parties' briefing, and particularly Defendants' arguments, the undersigned finds that the requested discovery bears some relevance to Defendants' counterclaims in this case. Absent any specific argument by Allstate with regard to limiting such discovery based upon concerns of proportionality under Rule 26, the undersigned **GRANTS** Defendants' motion to compel in this regard, and **ORDERS** that Allstate fully respond to Defendants' discovery requests in this regard within **14 days** from the entry of this Order.

### 6. Withholding TPP Payments to Other Allstate Exclusive Agents

Melissa Papanek and Phoenix also request Allstate produce "[a]ll documents and communication related to Allstate withholding termination payments ("TPP") from any terminated Allstate Exclusive Agency from January 2011 to present." Doc. 105-11 at PageID 2265. Allstate offered a boilerplate objection to the request on the grounds that it was "overbroad, unduly burdensome, irrelevant to any issues . . . and not reasonably calculated to lead to the discovery of admissible evidence." *Id*. Answering over the objection, Allstate represented that it would produce information concerning its decision to terminate Melissa Papanek's TPP payments. *Id*. Finding Defendants have met their burden of establishing relevance, and absent any specific argument by Allstate with regard to limiting such discovery based upon concerns of proportionality under Rule 26, the undersigned **GRANTS** Defendants' motion to compel in this regard, and **ORDERS** that Allstate fully respond to Defendants' discovery requests in this regard within **14 days** from the entry of this Order.

### 7. Approved Candidate Database

During the deposition of Jamie Newton -- an Allstate new agent recruiter -- Newton testified that he maintained a database of applications to become an Allstate exclusive agent, a database that contained each applicant's personal and financial information and whether or not that applicant passed or failed the a personality test administered by Allstate. Allstate represents that such database is no longer in existence and has not been in existence since early 2015 -- months before the filing of this lawsuit. Based upon Allstate's representation -- through counsel, an officer of the Court -- that this database is no longer in existence and, therefore, no longer in Allstate's possession, custody or control, the Court **DENIES** the motion to compel in this regard. Again, however, the denial of the motion to compel in this regard is **CONDITIONED** on Allstate and its counsel certifying, in writing and within **14 days** from the entry of this Order,

that such information or data cannot be extracted from ESI in its possession, custody, or control. If such information can be produced, Allstate shall make such production within **14 days**.

8. **Information Regarding Exclusive Agents Karas and Peh**

Melissa Papanek and Phoenix seek to compel information related to two Allstate Exclusive Agents, John Karas and Tony Peh. Allstate, in its memorandum in opposition to Defendants' motion to compel, appears to argue that such information is not relevant to the claims or defenses at issue in the case. Doc. 112 at PageID 2353-54. The Court finds that Defendants have met their burden to demonstrate relevance under Rule 26. There being no other objection advanced by Allstate in its memorandum in opposition, the Court **GRANTS** Defendants' motion to compel with regard to these requests. Allstate shall provide responsive documents within **14 days** from the entry of this Order.

9. **Compensation Plans**

Melissa Papanek and Phoenix also seek production of any and all written compensation plans for Allstate Field Sales Leaders ("FSLs"), Territorials Sales Leaders ("TSLs"), new agent sales leaders and recruiters in Allstate's North Central Region between 2014 and 2015. *See* doc. 105-2 at PageID 2132. Defendants allege that Allstate and these employees "had a financial incentive to manipulate the sale of the Papanek Agency book of business and force Ms. Papanek to take TPP." Doc. 105 at PageID 2120. Allstate argues that this information is irrelevant. The Court again finds that Defendants have met their burden. There being no other objection other than relevance advanced by Allstate in its memorandum in opposition, the Court **GRANTS** Defendants' motion to compel with regard to these requests. Allstate shall provide responsive documents within **14 days** from the entry of this Order.

## IV.

Based upon all of the foregoing, the Court **DENIES** Michael Papanek's motion to compel (doc. 97) and **GRANTS IN PART** and **DENIES IN PART** the motion to compel filed by Melissa Papanek and Phoenix (doc. 105). Requests for expenses are hereby **DENIED**. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii) and (a)(5)(C).

**IT IS SO ORDERED.**

Date:  January 5, 2018    s/ Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge