UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.

MELISSA PAPANEK, *et al.*,

    Defendants.

Case No. 3:15-cv-240

Magistrate Judge Michael J. Newman
(Consent Case)

___

**ORDER GRANTING DEFENDANTS' MOTION TO QUASH (DOC. 147)**
___

This civil case is before the Court on the motion to quash filed by Defendants and counterclaimants Melissa Papanek ("Papanek") and The Phoenix Insurance & Financial Group, LLC ("Phoenix") (hereinafter referred to collectively as "Defendants"). Doc. 147. Plaintiff Allstate Insurance Company filed a memorandum in opposition and, thereafter, Defendants filed a reply. Docs. 150, 162. Prior to the filing of Defendants' motion to quash, the Court heard argument by counsel during an informal discovery dispute conference on March 5, 2018.[1] The Court has carefully considered all of the foregoing, and Defendants' motion is now ripe.

This case, originally filed on July 6, 2015, *see* doc. 1, arises from a former business relationship between Plaintiff and a former Allstate Exclusive Insurance Agency operated by Defendant Melissa Papanek. *See generally* doc. 22. From October 2008 until October 2014, Melissa Papanek operated the Papanek Agency as an Allstate Exclusive Agency under an exclusive agency agreement with Allstate. *Id*. at PageID 253-54. Michael Papanek -- Melissa Papanek's father -- worked for the Papanek Agency. *Id*. To work at the Papanek Agency,

___

[1] The Court will address the other discovery issues presented by the parties during that conference by separate Order. The other issues concern discovery requested well in advance of the discovery deadline.

Michael Papanek was required to -- and did -- sign a confidentiality and non-compete agreement with Allstate. *Id.*

Plaintiff alleges that, on September 1, 2014, it made the business decision to terminate the exclusive agency agreement with Melissa Papanek and her agency effective, ultimately, on October 31, 2014.[2] *Id.* at PageID 261. Plaintiff alleges, *inter alia*, that upon termination of Melissa Papanek's agency relationship with Plaintiff on October 31, 2014, the Papaneks began a new business named Phoenix and have used Plaintiff's confidential information to improperly solicit customers to purchase competing insurance products from Phoenix -- actions that allegedly violate Defendants' agreement(s) with Plaintiff. Doc. 22 at PageID 261. Defendants assert counterclaims against Plaintiff alleging, *inter alia*, that Plaintiff impeded Melissa Papanek's efforts to sell her book of business, and improperly ceased making required payments to her. Doc. 33 at PageID 410.

Now before the Court is Defendants' motion to quash a subpoena issued to R.L. Emmons & Associates ("Emmons"), an entity Defendants employed as an investigator to investigate issues in this litigation. *See* doc. 147-1 at PageID 2963. That subpoena was issued by Plaintiff's attorney on February 21, 2018, and the subpoena directs the production of document by Emmons on March 20, 2018 in Columbus, Ohio. *Id.* Defendants argue that the information sought by Plaintiff is not discoverable because it is protected by the work product privilege. Doc. 147. Plaintiff -- now aware of the fact that Emmons was an investigator employed by Defendants -- concedes that certain information sought by the subpoena is subject to work product protection and withdraws its requests for certain information. *See* doc. 150 at PageID 2980. However, Plaintiff continues to seek production of the following pursuant to the subpoena:

---

[2] The notice originally provided by Allstate provided that the agreement would terminate on December 1, 2014. Doc. 22 at PageID 261. Allstate later decided to move the termination date up to October 31. *Id.*

- All documents, pictures, surveillance, recordings, statements, or the like collected by Emmons;

- All documents or communications exchanged with any Allstate Exclusive Agents (current or former);

- All documents or communications exchanged with any Allstate-employees (current or former);

- All documents or communications exchanged with any Allstate customer(s); and

- All documents or communications exchanged with any other persons interviewed or contacted by Emmons.

*Id*. at PageID 2982.

The Court finds that the subpoena must be quashed for reasons other than those advanced by Defendants.[3] Notably, the discovery deadline in this case expired on February 28, 2018. *See* doc. 131 at PageID 2847. While Plaintiff issued the subpoena prior to the expiration of that deadline, the production requested would otherwise occur weeks after the expiration of such deadline. Doc. 147-1 at PageID 2963. As specifically stated by General Order No. Day 12-01, the discovery deadline "requires completion of requested discovery, not its initiation."[4] Accordingly, discovery requests "must be served sufficiently in advance of the discovery cut-off that the responding party will have the full amount of time to respond" prior to the expiration of discovery. *Id*. In addition, the Court's General Order states that "[p]arties who undertake to extend discovery beyond the cut-off date do so at the risk the Court may not permit its completion prior to trial" and, in fact, "[t]here will be no supervision or intervention by the Court . . . after the discovery cut-off date, without a showing of extreme circumstances." *Id*.

---

[3] In its memorandum in opposition, Plaintiff argues that it is entitled to depose Dick Emmons, a private investigator with the Emmons firm. Doc. 150 at PageID 2982-83. To the extent Plaintiff has subpoenaed Emmons for deposition, such subpoena shall also be **QUASHED**.

[4] In addition to the Court's General Order, the parties in this case were specifically advised of the prohibition of conducting discovery after the discovery deadline by Orders issued in this case. *See* doc. 16 at PageID 125; doc. 90 at PageID 839.

"[A] subpoena issued pursuant to Fed. R. Civ. P. 45 is considered to be a discovery device in the Sixth Circuit, and accordingly, must adhere to the deadlines of a court's scheduling order." *Miami Valley Fair Hous. Ctr., Inc. v. Connor Grp.*, No. 3:10CV00083, 2011 WL 13157347, at *3 (S.D. Ohio July 21, 2011). Courts act within their sound discretion in quashing a subpoena where the discovery sought would not be produced until after expiration of the discovery deadline. *Cf. Thomas v. City of Cleveland*, 57 F. App'x 652, 654 (6th Cir. 2003); *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995); *Fields v. Runyon*, No. 95-3987, 1996 WL 599820, at *2 (6th Cir. Oct. 17, 1996).

Based on the foregoing, an in the absence of extreme circumstances presented by Plaintiff, the undersigned **GRANTS** Defendants' motion to quash. If appropriate, the Court will entertain from Defendants a motion for payment of expenses under Fed. R. Civ. P. 37(a)(5) if made within **14 days** from the entry of this Order.

**IT IS SO ORDERED.**

Date: March 16, 2018

s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge