UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.

MELISSA PAPANEK, *et al.*,

    Defendants.

Case No. 3:15-cv-240

Magistrate Judge Michael J. Newman
(Consent Case)

___

**ORDER CONDITIONALLY GRANTING: (1) DEFENDANTS' MOTION FOR LEAVE TO FILE MATERIALS UNDER SEAL (DOCS. 171, 172); AND (2) PLAINTIFF'S MOTION FOR LEAVE TO FILE MATERIALS UNDER SEAL (DOC. 173)**
___

This civil case is before the Court on the motions for leave to file materials under seal filed by Defendants Melissa Papanek and Phoenix Insurance & Financial Group, LLC (docs. 171, 172), as well as Plaintiff Allstate Insurance Company's motion for leave to file materials under seal (doc. 173). Defendants seek leave to file materials under seal for the reason that these materials were marked "Confidential" in discovery pursuant to the terms of a Protective Order. Doc 171 at PageID 4167; doc. 172 at PageID 4169. Plaintiff seeks leave to file exhibits under seal and advances essentially the same reason as that advanced by Defendants in support of their request, *i.e.*, that the subject exhibits were designated by Defendants as "Attorney's Eyes Only" when exchanged in discovery. *See* doc. 173 at PageID 4172.

The Sixth Circuit "recently clarified the 'stark difference' between court [protective] orders entered to preserve the secrecy of proprietary information while the parties trade discovery, and the sealing of the court's docket and filings[.]" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). While "[s]ecrecy is acceptable at the discovery stage[,]" *Wausau Underwriters Ins. Co. v. Reliable Transp. Specialists, Inc.*, No. 15-12954, 2016 WL 6134480, at *2 (E.D. Mich. Oct. 21, 2016), "very different considerations apply" when parties seek

to file "material in the court record." *Rudd Equip.*, 834 F.3d at 593 (citing *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). When parties seek to file material as part of the court's record, "[t]he public's focus is not only on the litigation's result, but 'also on the conduct giving rise to the case[.]'" *Id*. As a result, "the public is entitled to assess for itself the merits of judicial decisions." *Id*. (quoting *Shane Grp.*, 825 F.3d at 305).

Thus, a party maintaining that records should be sealed from public view bears a heavy burden of setting forth specific reasons why the interests in "nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (2016); *see also Rudd Equip*, 834 F.3d at 593-94. In this regard, "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305-06 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Such burden applies even where a protective order has been entered by the court and where no "party objects to the motion to seal." *See id*. (stating that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody").

Because the parties seek to file materials under seal solely because they have deemed those items as confidential pursuant to the terms of a protective order, and because such reason in and of itself is insufficient under *Shane Grp.*, *supra*, the parties have not met the heavy burden set by the Sixth Circuit for filing materials under seal.[1]

---

[1] The undersigned notes that, insofar as Defendants seek to file entire deposition transcripts under seal, it is very unlikely that every line of each deposition transcript Defendants seek to file under seal contains information that can appropriately be sealed under applicable legal authority. Thus, even assuming the depositions contain *some* select information that can properly be shielded from public view, Defendants fail to meet their burden under *Shane Group* because, *inter alia*, the leave they seek does not appear to be narrowly tailored. *See Shane Grp.*, 825 F.3d at 305-06 (stating that "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason"). In other words, it is not clear to the Court why entire deposition transcripts must be filed under seal as opposed to select portions containing appropriately sealed information needed for disposition of summary judgment motions.

Given that the parties seek leave to file these materials in support of their motions for summary judgment, and because the deadline for filing those motions is today, the undersigned **CONDITIONALLY GRANTS** the parties' motions (docs. 171, 172, 173).  However, such seal will be lifted in the absence of more detailed motions -- to be filed on or before **April 13, 2018** -- meeting the standards and requirements set forth by the Sixth Circuit in *Shane Grp.*, *supra*.

**IT IS SO ORDERED.**

Date:  April 9, 2018

s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge