UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.

MELISSA PAPANEK, *et al.*,

    Defendants.

Case No. 3:15-cv-240

Magistrate Judge Michael J. Newman
(Consent Case)

___

**ORDER AND ENTRY: (1) CONTINUING TRIAL; (2) REOPENING DISCOVERY; AND (3) HOLDING IN ABEYANCE A DECISION ON THE ISSUE OF SANCTIONS**
___

    This civil consent case came before the Court for a final pretrial conference and motion hearing on September 7, 2018. Attorney J. Scott Humphrey appeared on behalf of Plaintiff Allstate Insurance Company ("Allstate").[1] Attorneys James Fleisher, Joseph Oehlers, and Matthew Sullentrop appeared on behalf of Defendants.

    On that date, the Court heard extensive argument from counsel on Allstate's motion for sanctions (doc. 224), a motion in which Allstate seeks, *inter alia*, an adverse inference instruction at trial because of a production of approximately 6,000 pages of documents -- including hundreds of emails -- by Defendants following the close of discovery, the Court's ruling on summary judgment, and one month before trial. In addition, documents produced by Defendants the evening before the final pretrial conference (*i.e.*, on September 6, 2018) raised the possibility that a laptop computer not previously identified by Defendants or produced by them for inspection was used

---

[1] The Court advised counsel that, pursuant to the Local Rules of Court and the Dayton General Order, local counsel (*i.e.*, Allstate's trial attorney pursuant to Local Rule 83.4) and all attorneys who wish to appear on behalf of Allstate at trial are required to participate at the final pretrial conference. The Court **ORDERS** that Allstate's trial counsel shall appear and participate on all future conference calls and on all future Court appearances.

and may contain relevant information. The Court also heard oral argument on the merits of Defendants' cross-motion for sanctions. Doc. 249. The Court announced its reasoning in open Court at the conclusion of oral argument; accordingly, the final pretrial conference did not proceed and oral argument on the pending motions *in limine* did not proceed.

Given the significant time demands required for the Court to adequately review the 6,000-page production *in camera*, to fully consider whether a sanction is appropriate -- including the appropriateness of one or more adverse inference instructions to review -- and to issue an opinion sufficiently in advance of trial so that the parties can properly prepare for the impact of such an order, a continuation of trial must occur. In light of the need to continue trial, and in the interest of justice, the Court finds it appropriate to reopen discovery so that additional discovery can be had on the information produced by Defendants.

As was made clear on the record in open Court on September 7th, the parties have no objection to continuing trial or reopening discovery. The parties suggest to the Court that a three-month period is sufficient; this issue will be discussed during the Court's follow-up call with counsel on September 10, 2018 at 3:00 p.m. It is the Court's intention, once the three-month period is over, to decide, in conjunction with the parties, whether or not this case need again be revisited on summary judgment. If not, the Court intends to promptly rule on the motions for sanctions thereafter, and to promptly proceed to trial.

Accordingly, the trial previously set to commence on September 17, 2018 is **CONTINUED** and will be reset by separate Order. Further, the Court **ORDERS** that discovery be reopened for limited purposes, and such limited purposes will be defined by the Court in more detail by separate Order following the September 10th conference call with counsel. In that regard, the parties are **ORDERED** to confer and propose a discovery plan for the Court's consideration.

By separate Order, the Court set this case for a status conference on **September 10, 2018** to discuss the parties' discovery plan. Counsel shall call: 1-888-278-0296, enter access code 2725365, security code 123456, and wait for the Court to join the conference. The Court anticipates holding additional follow-up discovery status conferences on a bi-weekly basis so that the Court can closely monitor the parties' discovery efforts during the three-month period. The first such call shall be held on Monday, September 10, 2018 at 3:00 p.m.

The Court will hold in abeyance the issue of sanctions and attorney's fees and **ORDERS** that the parties keep detailed time entries regarding the fees and costs incurred as a result of the alleged discovery violations here at issue.

**IT IS SO ORDERED.**


Date:   September 12, 2018                                    s/ Michael J. Newman
                                                              Michael J. Newman
                                                              United States Magistrate Judge