UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.

MELISSA PAPANEK, *et al.*,

    Defendants.

Case No. 3:15-cv-240

Magistrate Judge Michael J. Newman
(Consent Case)

## ORDER

This civil consent case came before the Court for a scheduling conference on September 10, 2018. Attorneys J. Scott Humphrey and Kristine Argentine participated on behalf of Plaintiff Allstate Insurance Company ("Allstate"). Attorneys James Fleisher and Matthew Sullentrop participated on behalf of Defendants. Allstate's trial attorney (*i.e.*, local counsel) did not participate and *pro hac* counsel were again instructed that, pursuant to Local Rule 83.4, trial attorney must participate in all court conferences (and sign all papers filed with the Court). Local Rule 83.4 specifically states that:

> Unless otherwise ordered, in all actions filed in, transferred to, or removed to this Court, all parties other than pro se parties must be represented at all times by a "trial attorney" who is a permanent member in good standing of the bar of this Court. Each filing made on behalf of such parties shall identify and be signed by the trial attorney. The trial attorney shall attend all hearings, conferences, and the trial itself unless excused by the Court from doing so. Admission *pro hac vice* does not entitle an attorney to appear as a party's trial attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as a trial attorney.

To the extent the Court has previously permitted *pro hac* counsel for Allstate to act as trial attorney, any such Order is hereby **RESCINDED**, and the Court **ORDERS** that Allstate must comply in all respects with Local Rule 83.4.

Prior to the conference on September 10th, counsel for the parties conferred as ordered and submitted a proposed discovery plan (doc. 280), which the Court now **ADOPTS** in its entirety. To that end, the Court reopens discovery for the limited purposes as proposed by the parties (doc. 280) and **ORDERS** that such discovery be completed in its entirety on or before **December 31, 2018**.[1] At or near the conclusion of the reopened discovery period, the Court will confer with counsel to discuss whether or not additional summary judgment motions need be filed.

Finally, during the conference on September 10th, counsel for Defendants advised that an additional laptop potentially containing discoverable information was found when conferring with Defendants following the conference with the Court on September 7th. Said laptop does not appear to be the laptop referenced during the September 7th conference. Counsel for the parties advised that they will confer regarding issues regarding the laptop(s) at issue, and will approach the Court for relief if appropriate.

This case is set for a follow-up discovery status conference with the Court on **September 24, 2018** at **3:00 p.m.** Counsel shall call: 1-888-278-0296, enter access code 2725365, security code 123456, and wait for the Court to join the conference.

**IT IS SO ORDERED.**

Date:  September 12, 2018                                s/ Michael J. Newman
                                                        Michael J. Newman
                                                        United States Magistrate Judge

---

[1] The discovery deadline means that all discovery must be concluded, as opposed to simply requested, by the discovery date.