UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.

MELISSA PAPANEK, *et al.*,

    Defendants.

Case No. 3:15-cv-240

Magistrate Judge Michael J. Newman
(Consent Case)

---

# ORDER AND ENTRY DENYING FORMER DEFENDANT MICHAEL PAPANEK'S MOTION FOR ATTORNEY'S FEES (DOC. 283)

---

This civil consent case, arising under the Court's diversity jurisdiction, *see* 28 U.S.C. § 1332, concerns, *inter alia*, breach of contract claims following the termination of an exclusive agent agreement between Allstate Insurance Company ("Allstate") and its former exclusive agent Melissa Papanek. Phoenix Insurance and Financial Group, LLC ("Phoenix"), an independent insurance agency founded by Melissa Papanek following her termination from Allstate, is also a Defendant in the case.

Melissa's father, Michael, who was Melissa's employee both while she remained an Allstate exclusive agent and after she founded Phoenix, was a Defendant in this case until, with the Court's approval, Allstate voluntarily dismissed its claims against him with prejudice on the eve of a trial that was set to commence on September 17, 2018. *See* docs. 256, 278. Notably, prior to Allstate's voluntary dismissal of its claims against him, the Court denied Michael Papanek's motion for summary judgment on Allstate's claims, finding that genuine issues of material fact remained as to whether "he solicited Allstate customers or used Allstate confidential information

in violation of his LSP Agreement." *Allstate Ins. Co. v. Papanek*, No. 3:15-CV-240, 2018 WL 3537140, at *13 (S.D. Ohio July 23, 2018).

This case is now before the Court on Michael Papanek's motion for an award of attorney's fees under Ohio Rev. Code § 2323.51. Doc. 283. Mr. Papanek argues that an award of attorney's fees is an appropriate sanction against Allstate and its attorneys for pursuing purportedly frivolous and vexatious claims against him. Doc. 283. Allstate filed a memorandum in opposition and, thereafter, Mr. Papanek filed a reply. Docs. 286, 288. The Court has carefully considered the foregoing and, Mr. Papanek's motion is now ripe for decision.

Initially, the undersigned notes that, as held by the Sixth Circuit, Ohio Rev. Code § 2323.51 is a state procedural statute and is inapplicable in this federal proceeding. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 529 (6th Cir. 2002). Accordingly, Mr. Papanek's motion, which seeks an award of attorney's fees solely under that state statute, should be denied on that basis alone. In his reply memorandum, however, Mr. Papanek abandons his request for sanctions under Ohio Rev. Code § 2323.51 and, instead, notes that the Court possesses inherent authority and federal statutory authority to impose sanctions and, thus, seeks sanctions on those grounds. Doc. 228. While raising new grounds for relief in a reply memorandum may not be appropriate,[1] the undersigned will nevertheless address Mr. Papanek's contention that sanctions should issue under the Court's inherent authority or otherwise under federal law.

Indeed, federal courts may impose sanctions under their inherent authority and/or pursuant to federal statute -- notably, under 28 U.S.C. § 1927. *Maloof v. Level Propane Gasses, Inc.*, 316

---

[1] *Cf. United States v. Hicks*, 234 F.3d 1270 (6th Cir. 2000) ("It is neither appropriate nor fair to opposing counsel to raise arguments, for the first time, in a reply brief"); *NetJets Large Aircraft, Inc. v. United States*, 80 F. Supp. 3d 743, 765 (S.D. Ohio 2015), *amended*, No. 2:11-CV-1023, 2017 WL 1378416 (S.D. Ohio Mar. 21, 2017) ("An issue raised for the first time in a reply brief has not been fully briefed, and thus, is not appropriate for decision").

F. App'x 373, 376 (6th Cir. 2008). Sanctions under the Court's inherent authority may be appropriate where counsel willfully abuses the judicial process or otherwise acts in bad faith. *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Bad faith need not be shown for an award of sanctions under § 1927, but the movant must show that the opposing counsel's wrongful conduct arises to "something more than negligence or incompetence." *Id*. Simply put, federal courts may impose sanctions where counsel "intentionally abuses the judicial process or knowingly disregards the risk that his [or her] actions will needlessly multiply proceedings." *Id*.

Here, because the Court concluded at the summary judgment stage that genuine issues of material fact existed with regard to Allstate's claims against Mr. Papanek, *Allstate*, 2018 WL 3537140 at *13, there is no basis upon which the Court can now conclude that Allstate advanced frivolous claims against him in this case, or that it acted in bad faith, abused the judicial process, or otherwise needlessly multiplied proceedings in pursuing those claims. Accordingly, Mr. Papanek's motion for attorney's fees (doc. 283) is **DENIED**.

**IT IS SO ORDERED.**

Date:  September 30, 2019               s/ Michael J. Newman
                                                                               Michael J. Newman
                                                                               United States Magistrate Judge