UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.

MELISSA PAPANEK, *et al.*,

    Defendants.

Case No. 3:15-cv-240

Magistrate Judge Michael J. Newman
(Consent Case)

---

**ORDER ON THE PARTIES' MOTIONS *IN LIMINE* (DOCS. 329, 334, 336-54, 359)**

---

This civil consent case is before the Court on the parties' numerous motions *in limine*. The parties have filed respective opposition and reply memoranda. The Court has carefully considered these motions and they will be addressed in turn.

**I.**

This case concerns the deterioration an agency contractual relationship between Allstate and its former exclusive agent Melissa Papanek. In 2008, Papanek acquired an economic interest in her father's insurance agency, the Papanek Agency, which had operated in the Dayton, Ohio area as an Allstate agency since 1972. Upon acquiring the agency, Papanek entered into an exclusive agency agreement ("EA Agreement") with Allstate that authorized her to sell Allstate insurance products and prohibited her from selling or soliciting the sale of insurance products for any other insurance company. Approximately six years later, in late-2014, Allstate chose to end its relationship with Papanek and terminated the EA Agreement. The parties have been engulfed in heated litigation against each other ever since -- litigation that has continued in this trial court for almost as long as the exclusive agency agreement between them lasted.

Notably, either party to the EA Agreement was permitted to terminate it, with or without cause, upon providing a 90-day notice to the other party. Allstate gave Papanek notice on September 2, 2014 that it was terminating the agreement 90 days thereafter on December 1, 2014. According to Allstate, it did so because Papanek admitted to improperly issuing auto and homeowners policies to Allstate customers without their knowledge, intentionally failed to remove vehicles from customers' auto policies, and delayed the cancellation of certain policies, all for the purpose of increasing the year-end bonuses paid to her by Allstate.

Pursuant to the terms of the EA Agreement, upon its termination, Papanek could either sell her economic interest in her Allstate book of business to a buyer approved by Allstate or elect to receive a termination payment ("TPP payment") from Allstate. Papanek ultimately elected to receive TPP payments over a period of twenty-four months, and Allstate began making those monthly payments in January 2015, following termination of the EA Agreement. Ultimately, however, Allstate ceased making such payments in December 2015, arguing that its obligation to do so ceased as a result of Papanek's material breach of continuing terms in the EA Agreement prohibiting the solicitation of Allstate customers for one year and forbidding the use of Allstate confidential information at any time after termination of the Agreement.

Ultimately, Allstate filed this action asserting the following claims: (1) breach of contract against Papanek; (2) misappropriation of trade secrets against Papanek and her new insurance agency Phoenix; (3) tortious interference with contractual relationships against Phoenix; (4) tortious interference with business relationships against Papanek and Phoenix; and (5) unfair competition against Papanek and Phoenix.[1]  Doc. 22. These claims all remain pending for trial and all generally involve allegations that Papanek solicited Allstate customers during the one-year

---

[1] Allstate also brought claims against Papanek's father, but those claims have been dismissed by Allstate. Docs. 256, 278.

solicitation period and has used Allstate's confidential information in furthering her business with Phoenix.

Papanek answered Allstate's allegations and filed counterclaims asserting: (1) breach of contract; (2) tortious interference with contractual and business relationships; (3) violations of Ohio's Deceptive Trade Practices Act ("ODTPA"), Ohio Rev. Code § 4165.011 *et seq.*; (4) breach of the covenant of good faith and fair dealing; and (5) unfair competition. Doc. 34. Phoenix joined in Melissa's ODTPA and unfair competition counterclaims. *See* doc. 34 at PageID 458-61. Underlying these claims were arguments made by Defendants that Allstate interfered with Papanek's ability to sell her Allstate book of business, either in its setting of deadlines for her to complete the sale, not giving her a full 90-days to complete the sale, not giving her an extension of the 90-day period to complete the sale, not assisting her in finding potential buyers, and purportedly attempting to coerce the sale of Papanek's interest to a specific Allstate exclusive agent, Tony Peh. Ultimately, Defendants suggest that Allstate forced her to take TPP payments rather than permit the sale of her book of business and, thus, Allstate retained Papanek's book of business for a fraction of its actual value.

Following the Court's decisions on summary judgment, only one counterclaim remains pending; namely, Papanek's counterclaim alleging that Allstate breached the EA Agreement by ceasing to make all TPP payments to her. Allstate argues that Papanek's breach of contract counterclaim cannot succeed because its duty to continue making TPP payments was relieved when Papanek materially breached the EA Agreement by soliciting Allstate customers during the year following termination of the Agreement and/or by improperly using Allstate's confidential information at any time following termination of the Agreement (or while she continued to work

3

for Allstate if such confidential information was used for any purpose other than to further Allstate's interests).

## II.

Having set forth the general background of the case and the claims/counterclaim remaining for trial, the Court turns to the motions *in limine* filed by the parties. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 (1984). "Motions *in limine* allow the court to rule on evidentiary issues prior to trial in order to avoid delay and to allow the parties to focus remaining preparation time on issues that will in fact be considered by the jury." *United States v. Mack*, 298 F.R.D. 349, 351 (N.D. Ohio 2014), *aff'd*, 808 F.3d 1074 (6th Cir. 2015). However, "[a] ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

In deciding motions *in limine*, "[c]ourts should exclude evidence . . . only when it is clearly inadmissible." *Mack*, 298 F.R.D. at 351 (citing *Indiana Ins. Co. v. General Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)). Unless "certain evidence is clearly inadmissible, [courts] should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context." *Id*. Regardless, a "district court may change its ruling at trial for whatever reason it deems appropriate." *Yannott*, 42 F.3d at 1007.

## III.

The Court first addresses the two motions *in limine* filed by Defendants. Defendants first move for an order imposing an adverse inference against Allstate because Allstate failed to preserve a cell phone used by Ted Stefanov during his employment with Allstate -- a phone that

was erased upon Stefanov's retirement during the pendency of this case. Doc. 329. Allstate filed a memorandum in opposition to Defendants' motion. Doc. 385. Following the filing of Defendants' motion *in limine*, the Court addressed Defendants' arguments on this issue in a separate order on a separate motion filed by Defendants. Doc. 381. For the reasons previously set forth by the Court (doc. 381 at PageID 10356), Defendants' motion for an adverse inference (doc. 329) is **DENIED**.

In their second motion *in limine*, Defendants seek an order precluding Allstate from presenting evidence or referencing the reasons why Allstate purportedly chose to terminate the agreement between the parties, *i.e*, because Papanek engaged in dishonest conduct to increase the size of a year-end bonus. Doc. 334. Defendants do not seek to preclude evidence or reference to the undisputed fact that Allstate terminated the agreement. *Id*.

Defendants argue that the reasons why Allstate terminated the agreement, *i.e.*, Papanek's allegedly dishonest conduct, is not relevant to the claims or defenses at issue in the case, *see* Fed. R. Evid. 401); is inadmissible as character evidence under Fed. R. Evid. 404(B); and, to the extent it could be admissible for impeachment purposes under Fed. R. Evid. 608(b), the prejudicial effect outweighs the minimal probative value of such evidence. Doc. 334. Allstate opposes Defendants' motion, arguing that Papanek's dishonest conduct leading to termination of the agreement is relevant to proving her motive for soliciting Allstate's customers and using Allstate's confidential information. Doc. 386.

From the undersigned's perspective, it is unclear how Papanek's allegedly dishonest conduct toward Allstate before termination of the Agreement is evidence of her *motive* for dishonest conduct after termination. While the Court could understand the assertion that Papanek was motivated to use Allstate's confidential information and solicit its customers because Allstate

5

terminated her contract, it does not, however, make sense to suggest that Papanek engaged in such post-termination conduct because she previously lied to Allstate. Instead, Allstate's apparent contention in this regard seems more akin to improperly suggesting that Papanek's dishonest conduct after termination was in conformity with her dishonest conduct before termination. *See* Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait"). Thus, the undersigned is skeptical as to the admissibility of such evidence to prove motive.

However, reference to such prior dishonest conduct may be proper under Fed. R. Evid. 608(b), which permits, at the court's discretion, the cross-examination of a witness on specific acts probative of the witness's truthfulness. Defendants acknowledge as much, but argue that, even if Papanek's dishonesty may be inquired into on cross-examination under Rule 608(b), the Court should not permit such inquiry because "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury[.]" Fed. R. Evid. 403. While the undersigned questions whether the prejudice effect of such evidence outweighs its probative value, the Court **DEFERS** a ruling on this issue until trial.

**IV.**

Now the Court addresses Allstate's motions. Notably, many of these motions *in limine* were filed before the Court's most recent decision on summary judgment. That decision further reduced the counterclaims to be presented at trial and, thus, greatly impacts the scope of relevant evidence. Significantly, the Court has now disposed of Papanek's counterclaim alleging a breach of the covenant of good faith and fair dealing, in which Papanek alleged that Allstate interfered with her ability to sell her book of business, thus resulting in damages -- presumably the difference between the value of her book and the amount of TPP Allstate paid her. Because the Court has

granted summary judgment in Allstate's favor on Papanek's contract counterclaim alleging a breach of the covenant of good faith and fair dealing, evidence in support of that counterclaim -- such as Allstate's alleged interference with such sale and the value of her book of business -- is of little "consequence in determining the action" and, thus, questionably relevant. *See* Fed. R. Evid. 401.

Nevertheless, the parties briefed such issues in the motions *in limine*, and the Court will address those motions herein.

**Equitable Defenses (Doc. 336)**

In its first motion, Allstate seeks to preclude Defendants from presenting argument and evidence supporting the affirmative defenses of waiver, equitable estoppel, laches, and unclean hands asserted in Defendants' answer. Doc. 336. Allstate argues that since it no longer seeks equitable relief in this case, these defenses – and evidence in support of these defenses – are not relevant. *Id*.

Defendants filed a memorandum in opposition to Allstate's motion arguing that the operative complaint in this case contains claims for equitable injunctive relief and, therefore, these defenses remain relevant. Doc. 362. Defendants also argue that Allstate's motion seeks the exclusion of too broad of a category of evidence for the Court to properly decide prior to trial. *Id*.

At the final pretrial conference in this case, Allstate represented to the Court that it no longer seeks any injunctive or other equitable relief in this case and, to the extent equitable relief could be requested by a jury in this case, Allstate has no intention to do so. Thus, the Court would be inclined to agree that the continued viability of truly equitable defenses is questionable -- perhaps with the exception of the defense regarding waiver. *Johansen v. Nat'l Gas & Elec. LLC*, No. 2:17-CV-587, 2017 WL 6505959, at *3 (S.D. Ohio Dec. 20, 2017) ("A party may waive a

contract term by words or conduct"); *see also Freedom Foods, Inc. v. Rose Valley Land Grp., Ltd.*, No. C-1-04-690, 2006 WL 2045887, at *5 (S.D. Ohio July 20, 2006) (the right to full performance of contractual obligations by one party to a contract may be waived by the other party so as to excuse nonperformance by the first party"). However, the substantive relief now sought by Allstate -- *i.e.*, the wholesale preclusion of *defenses*, rather that questions regarding the admissibility of particular evidence -- is not relief properly sought in a motion *in limine*. *Louzon v. Ford Motor Co.*, 718 F.3d 556, 562 (6th Cir. 2013). Accordingly, Allstate's motion *in limine* is **DENIED**.

Assuming Defendants' equitable affirmative defenses are no longer viable, evidence relevant to such defenses may nonetheless be relevant for some other purpose. Even if Allstate's motion *in limine* was limited to merely evidentiary questions, the Court is thus unable to provide the broad relief requested by Allstate at this time. The Court will address any specific evidentiary objections related to these issues when presented at trial.

**Other Litigation Involving Allstate (Doc. 337)**

In Allstate's second motion *in limine*, it seeks an order precluding Defendants from presenting evidence, arguing, or referencing other litigation involving Allstate. Doc. 337. Defendants respond by stating that the only potential litigation they anticipate may be referenced during trial is litigation in which an Allstate exclusive agent Tony Peh is a co-party with Allstate. Doc. 363. Defendants state that any such reference to litigation regarding Peh would be for purposes of impeachment during any cross-examination of Peh to show a potential bias he may have toward Allstate. Doc. 363.

The undersigned makes no determination on this issue regarding reference to litigation involving Allstate and Peh at this time, and **DEFERS** a ruling on this issue for trial should Peh be

called to testify. There appearing to be no dispute regarding Allstate's request to prohibit evidence, argument and reference of any other litigation it is involved in, its motion *in limine* is **DENIED AS MOOT** in all other respects.

### Evidence of Computer Hacking (Doc. 338)

In Allstate's third motion *in limine*, Allstate moves for an order precluding arguments and testimony concerning computer activity reflected on certain computer tracking software found on a computer purportedly owned by Papanek. Doc. 338. Allstate contends that the testimony upon which argument can be based is speculative and, therefore, both should be precluded. Defendants filed a memorandum in opposition. Doc. 364.

From the Court's perspective, testimony would be admissible if a witness testifies to matters within his or her personal knowledge, *see* Fed. R. Evid. 602, and that witness may provide lay opinion testimony if such testimony meets the requirements of Fed. R. Evid. 701, *i.e.*, is "rationally based on the witness's perception[,]" is "helpful to clearly understanding the witness's testimony or to determining a fact in issue[,]" and is "not based on scientific, technical, or other specialized knowledge." At this time, the Court cannot definitively say that the evidence to be presented by Defendants is inadmissible and, therefore, a ruling on this motion is **DEFERRED** until the presentation of evidence at trial.

### Internet Printouts (Doc. 339)

In Allstate's fourth motion *in limine*, it moves to preclude certain internet printouts as exhibits. Doc. 339. Defendants filed a response to Allstate's motion, representing that they have no intention of introducing the subject internet printouts into evidence. Doc. 365. Thus, insofar as Defendants' concession in this regard resolves Allstate's concern, the Court **DENIES** its motion (doc. 339) **AS MOOT**. The undersigned makes no determination at this time as to whether the

internet printouts at issue may be used by Defendants for purposes of cross-examining witnesses at trial.

**Determination of Attorney's Fees (Doc. 340, 354)**

In Allstate's fifth motion *in limine*, its moves the Court to decide issues of attorney's fees via motion practice after trial. Doc. 340. Defendants -- while arguing that Allstate is not entitled to the recovery of attorney's fees -- agrees that any determination regarding the award of attorney's fees should be decided by the Court after trial. Doc. 366. Accordingly, Allstate's unopposed fifth motion *in limine* is **GRANTED**.

Allstate also filed another motion renewing its request for sanctions against Defendants arising from the reopening of discovery after Defendants produced numerous documents on the eve of the previous trial date. Doc. 354. Consistent with the Court's ruling on Allstate's previous motion for sanctions, the undersigned declines at this time to determine the issue of whether Defendants' discovery failure justifies the imposition of sanctions and, if so, whether such failure was substantially justified or whether an award of reasonable expenses associated with some or all of the discovery during the reopened discovery period would be unjust. Instead, the Court **DEFERS** a ruling on this issue until after trial.

**Allstate's Decisions to Approve Book of Business Sales (Doc. 341, 352)**

In their sixth motion *in limine*, Allstate moves for an order precluding evidence regarding Allstate's decision to either approve or disapprove the salse of books of business held by other Allstate agents. Doc. 341. Defendants filed a memorandum in opposition to Allstate's motion stating no apparent opposition to Allstate's motion insofar as it relates to evidence regarding the approval or disapproval of purchasers for the books of business held by other agents. Doc. 367. Defendants, however, express concern that, "lurking in the same [m]otion are arguments seeking

to limit Papanek from introducing evidence or argument related to the sale of her own book of business[.]" Doc. 367.

Insofar as it appears Defendants do not oppose Allstate's request to limit the introduction of evidence related to other agents -- and apparently do not intend to introduce such evidence at trial -- the undersigned finds no dispute in this regard and **DENIES** Allstate's motion (Doc. 341) as **MOOT**. With regard to evidence about Papanek's efforts to sell her own book of business, Allstate seeks to exclude such evidence in its seventeenth motion *in limine*. Doc. 352. As noted above, in light of the undersigned's disposition of claims on summary judgment, evidence regarding Papanek's efforts to sell her business – and Allstate's purported bad faith in dealing with Papanek's potential sale -- would not be admissible to support Papanek's assertion that Allstate breached the covenant of good faith and fair dealing. *See* doc. 381. While the undersigned questions whether such evidence is otherwise admissible to any other issue of consequence in the case, the Court cannot conclusively say, at this time, that the evidence is inadmissible for all purposes and, therefore, will decide specific evidentiary issues in this regard at trial.

**Allstate's Financial Status and Resources (Doc. 342)**

In Allstate's seventh motion *in limine*, it seeks to preclude Defendants from arguing or presenting evidence regarding the size of Allstate's business, its financial status, or its resources. Doc. 342. In response, Defendants represent that they have no intent to introduce any such evidence or make any argument in that regard. Doc. 368. Accordingly, in light of counsel's representation, Allstate's concerns in this regard are resolved and, therefore, its seventh motion *in limine* is **DENIED AS MOOT**. The Court acknowledges Defendants' suggestion that such evidence may become relevant during the course of trial based upon the presentation of testimony and other evidence at trial. The Court will address those issues at trial, should they arise.

11

**Steven Harris's Past Lawsuits, Criminal Charges, or Bad Acts (Doc. 343)**

In its eighth motion *in limine*, Allstate seeks an order precluding Defendants from presenting evidence, eliciting testimony, or giving argument regarding prior bad acts allegedly engaged in by Stephen Harris, a key witness to Allstate's case. Doc. 343. Defendants filed a memorandum in opposition to Allstate's motion, arguing that some of the conduct and specific acts at issue in Allstate's motion may be inquired into under Fed. R. Evid. 608(b) when cross-examining Harris at trial. Doc. 369. The undersigned agrees and **DENIES** Allstate's motion. Whether Harris's past conduct is admissible for other purposes at trial, while perhaps unlikely, will be addressed at trial, if necessary.

**Civil Litigation Between Papanek and Harris (Doc. 344)**

In its ninth motion *in limine*, Allstate seeks an order precluding Defendants from presenting evidence or argument, or even referencing, civil litigation between Papanek and Harris. Doc. 344. Defendants filed a memorandum in opposition detailing the relevance of the litigation between Papanek and Harris to this litigation. Doc. 370. For the reasons set forth in Defendants' memorandum in opposition, the undersigned **DENIES** Allstate's motion (doc. 344) at this time but will entertain specific objections at trial, if necessary.

**Claims Disposed of on Summary Judgment (Doc. 345)**

In its tenth motion *in limine*, Allstate seeks an order precluding Defendants from presenting evidence or argument in support of their claims dismissed by the Court on summary judgment. Doc. 345. Defendants filed a memorandum in opposition. Doc. 371.

Certainly, Defendants cannot seek recovery on claims that have been disposed of on summary judgment and/or seek to admit evidence in furtherance of those disposed claims. In addition, as noted above, the undersigned generally agrees with Allstate that, at trial, Defendants

are precluded from arguing, among other contentions, that Allstate improperly shut down the Papanek Agency, failed to give her a full 90 days to sell her book of business, or improperly interfered with Papanek's sale of her book of business. The undersigned disagrees, however, with any contention by Allstate that Papanek cannot argue that Allstate failed to pay her the entirety of the TPP owed to her -- such a counterclaim remains pending for disposition.

However, again, it is not clear whether evidence that would have supported Defendants' counterclaim arguments is admissible for some other purpose. Therefore, with the aforementioned in mind, the undersigned **DEFERS** further ruling on this issue pending the presentation of evidence at trial.

**Termination of TPP (Doc. 346, 353)**

In its eleventh motion *in limine*, Allstate seeks an order precluding Defendants from presenting evidence, arguing or referencing Allstate's decisions to stop making TPP payments to other former exclusive agents. Doc. 346. In response, Defendants represent that they have no intent to present evidence regarding Allstate's termination of TPP payments to any other agent who is unrelated to this case. Doc. 372. Accordingly, there being no dispute in this regard for the Court to resolve, Allstate's motion is **DENIED** as **MOOT**.

In their opposition memorandum, Defendants do, however, argue that Papanek should be permitted to introduce evidence of Allstate's decision-making process into terminating her TPP. *Id*. Allstate seeks to preclude the introduction of such evidence in its eighteenth motion *in limine*. Doc. 353. While such evidence is not admissible to support Defendants' good faith and fair dealing claim -- which, as already noted, was disposed of on summary judgment (doc. 321) -- it appears to remain relevant to Defendants' claim that Allstate breached the EA Agreement by stopping the payment of TPP to Papanek, and is also relevant to Allstate's defense that its ceasing the payment

13

of TPP was justified because of Papanek's alleged material breaches. Accordingly, the undersigned **DEFERS** a ruling on specific evidentiary issues pending the presentation of evidence at trial.

**Excluding Witnesses from the Courtroom (Doc. 347)**

In its twelfth motion *in limine*, Allstate seeks an order excluding witnesses from the courtroom during trial and from reading prior trial testimony. Doc. 347. Defendants generally concur with Allstate's request, except they seek to have Michael Stover -- Defendants' business valuation expert -- either present in the courtroom or able to review trial transcripts of any Allstate witness who testifies about Allstate's alleged damages. Doc. 373. According to Defendants, Mr. Stover's expert testimony depends on the testimony of Allstate's damages witnesses and permitting Mr. Stover's presence during such testimony -- or permitting his review of their testimony -- will speed up trial by avoiding the need for lengthy hypothetical questions during Mr. Stover's direct examination.

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. The mandatory exclusion of witnesses set forth in Rule 615 does not apply, however, to parties or to persons "whose presence a party shows to be essential to presenting the party's claim or defense[.]"

As noted by the Sixth Circuit, there is "little, if any, reason for sequestering a witness who is to testify in an expert capacity only and not to the facts of the case." *Morvant v. Constr. Aggregates Corp.*, 570 F.2d 626, 629 (6th Cir. 1978). "Theoretically at least, the presence in the courtroom of an expert witness who does not testify to the facts of the case but rather gives his opinion based upon the testimony of others hardly seems suspect and will in most cases be beneficial, for he will be more likely to base his expert opinion on a more accurate understanding

of the testimony as it evolves before the jury." *Id*. at 629-30. Thus, an expert giving opinion testimony based on the testimony of other is a "classic example" of the Rule 615(c) exception. *United States v. Reynolds*, 534 F. App'x 347, 365 (6th Cir. 2013).

Based upon Defendants' representations regarding the nature of Mr. Stover's expert testimony, the Court **DENIES** Allstate's motion with regard to excluding Mr. Stover from the courtroom or reviewing trial transcripts, but Allstate's motion is otherwise **GRANTED**.

### Statute of Limitations (Doc. 348)

In its thirteenth motion *in limine*, Allstate seeks an order precluding argument or presentation of a statute of limitations defense at trial. Doc. 348. Again, the Court questions whether the relief requested by Allstate in this motion can properly be sought via a motion *in limine*. *See Louzon*, 718 F.3d at 561-62. Nevertheless, Defendants filed a response indicating no intent to rely on any statute of limitations defense. Doc. 374. There appearing to be no dispute for the Court to resolve in this regard, Allstate's motion is **DENIED** as **MOOT**.

### Knowledge of Hacking Activity (Doc. 349)

In its fourteenth motion *in limine*, Allstate moves for an order precluding Defendants from arguing that Allstate had knowledge of Harris hacking Papanek's computer and presenting evidence in support of such argument. Doc. 349. Allstate argues that the evidence Defendants intend to submit in support of such argument is speculative. *Id*. Defendants filed a memorandum in opposition to Allstate's motion. Doc. 376. As stated previously with regard to Allstate's other motion concerning Harris, testimony by a witness is admissible if the witness testifies to matters within his or her personal knowledge, see Fed. R. Evid. 602, and that witness may provide lay opinion testimony if such testimony meets the requirements of Fed. R. Evid. 701. The Court

cannot definitively say that the evidence to be presented by Defendants is inadmissible and, therefore, a ruling on this motion is **DEFERRED** until the presentation of evidence at trial.

### References to Michael Papanek (Doc. 350)

In its fifteenth motion *in limine*, Allstate seeks an order barring Defendants from presenting evidence, testimony, argument, or reference regarding the fact that Michael Papanek was previously a named Defendant in this case. Doc. 350. Defendants filed a memorandum in opposition. Doc. 377. Defendants do not dispute that references to the reasons why Allstate voluntarily dismissed claims against Michael Papanek would be inadmissible and Defendants represent no intent to introduce evidence in that regard. *Id*. The Court sees no need for the parties to mention the fact that Michael Papanek was previously a Defendant in this case and that the claims against him were dismissed. Accordingly, Allstate's motion in this regard (doc. 350) is **GRANTED**.

### Hearsay Statements (Doc. 351)

In its sixteenth motion *in limine*, Allstate seeks an order barring Defendants from presenting hearsay testimony regarding Papanek's efforts in attempting to sell her Allstate book of business. Doc. 351. In addition to citing the general inadmissibility of hearsay, Allstate also argues that such evidence is inadmissible as irrelevant in light of the Court's dismissal of Papanek's claim alleging a breach of the covenant of good faith and fair dealing. *Id*. As noted above, from the undersigned's perspective, the relevance of Papanek's efforts to sell her book of business -- whether the evidence is hearsay evidence or not -- appears to be of little consequence in determining the action in light of the Court's disposition of Papanek's good faith and fair dealing contract claim. While the undersigned questions the continued relevance of such evidence to the

issues remaining in the case, the Court will, nevertheless, **DEFER** a ruling on specific testimony or other evidence at the time of presentation at trial.

### Anonymously Sent Documents (Doc. 359)

In its nineteenth motion *in limine*, Allstate seeks an order barring Defendants from challenging the admissibility of documents that were sent to Allstate's previous counsel by an anonymous source. Doc. 359. Defendants filed a memorandum in opposition to Allstate's motion in this regard. Doc. 390.

Allstate asserts a number of reasons why the authenticity of these documents should not be challenged at trial, notably, because Defendants -- or those associated with Defendants -- have testified that these documents, or some version of these documents, were created by Defendants at some time, but no version of these documents was ever disclosed by Defendants in discovery. In essence, Allstate seeks a sanction against Defendants in this regard, *i.e.*, because they failed to produce in discovery any version of these documents that, without dispute, were once in Defendants possession, they should not now be permitted to challenge the authenticity of the versions that came into Allstate's possession through an anonymous source. The Court will address this issue when separately deciding Allstate's motion for adverse inferences. Doc. 358.

Allstate also argues that, not only have Defendants and their representatives/employees testified regarding these documents during depositions, they also argue that, even assuming such testimony is insufficient to authenticate the anonymously received documents, other corroborative evidence demonstrates their authenticity sufficient for them to be admissible as evidence at trial. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it

is." Fed. R. Evid. 901. On this issue, the Court intends to address the admissibility of documentary evidence during trial and, therefore, **DEFERS** resolution this issue at this time.

**Opinion Evidence Regarding the Value of Papanek's Allstate Business (Doc. 354)**

In its twentieth motion *in limine*, Allstate seeks an order excluding the expert testimony of Defendants' expert Michael Stover with regard to his opinion on the value of her Allstate book of business. Doc. 354. Allstate does not, in its motion *in limine*, seek to preclude Stover's testimony as it relates to challenging Allstate's evidence regarding the extent of its alleged damages. *Id*. Defendants filed a memorandum in opposition to Allstate's motion (doc. 383), which was filed the same day that the Court issued its latest summary judgment decision and, certainly, filed before counsel had a sufficient opportunity review and analyze the Court's opinion.

As noted a number of times previously, Papanek's claims regarding the sale of her book of business were decided in Allstate's favor on summary judgment and, therefore, no longer remain for trial. Accordingly, Stover's testimony regarding the value of Papanek's book of business no longer remains relevant to any issue of consequence in this case. Accordingly, this motion (doc. 354) is **GRANTED**.

**V.**

Having addressed all of the issues presented in the pretrial motions docketed at docs. 329, 334, 336-54 and 359, the Clerk is **ORDERED** to terminate those motions on the Court's docket. The Court will issue an order on the remaining pretrial motions by separate order and will endeavor to do so before trial commences.

**IT IS SO ORDERED.**

Date:   January 16, 2020                            s/ Michael J. Newman
                                                                                  Michael J. Newman
                                                                                  United States Magistrate Judge